UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL O. WILLIAMS,

                          Plaintiff,

                    -against-

SETTLE HOMES; EUGENE; MARCOS,

                          Defendants.

24-CV-2402 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's federal question

jurisdiction, alleging that Defendants refused to rent him a room because of his income. By order

dated April 17, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"),

that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth

below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action using the court's general complaint form. Named as

Defendants are Settle Homes, a company that rents apartments; and "Marcos" and "Eugene,"

whom Plaintiff identifies as "partners." (ECF 1, at 4.) Plaintiff checks the box on the complaint

form to invoke the court's federal question jurisdiction. In response to the question on the form

asking which of his federal constitutional or federal statutory rights have been violated, Plaintiff

writes, "I was refused to rent a room based on my choice of income." (*Id.* at 2.)

Plaintiff states that the events giving rise to his claims occurred at 154 Madison Street,

presumably in Manhattan, in August 2023. Plaintiff alleges, "I was refused my rights to rent a

room which goes against the housing codes. I was refused based on my choice of occupation. I

am a student and a trader." (*Id.* at 5.)

Plaintiff seeks $15,000 in damages.

Plaintiff attaches to the complaint a text message exchange with Eugene in which Plaintiff stated that he is a Master of Business Administration student, "trade[s] the stock market full time," and is an "entrepreneur." (*Id.* at 8.) Eugene informed Plaintiff that without a current documented steady source of income, he does not qualify to rent an apartment and suggests that Plaintiff's best option would be to apply with a guarantor.

## DISCUSSION

### A.    Claims under the Fair Housing Act

Because Plaintiff invokes the court's federal question jurisdiction and alleges that Defendants discriminated against him with respect to renting an apartment, the Court construes the complaint as asserting claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3604.[1] The FHA "broadly prohibits discrimination in housing." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status . . . national origin," or disability. 42 U.S.C.§ 3604(b), (f). The FHA also prohibits retaliation against persons who have asserted their rights under the FHA. *See id.* § 3617 (making it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [among others, §§ 3604 and 3605] of this title"). To state a claim under the FHA, a plaintiff must plausibly allege that:

---

[1] The Court assumes for the purposes of this order that the FHA covers Plaintiff's residence. *See* 42 U.S.C. § 3604(b) (defining "dwelling," in part, as a "building" that is "occupied as . . . a residence by one or more families").

(1) he was a member of a class protected by the FHA, and (2) he suffered an adverse housing action because of his membership in that protected class. *See Mazzocchi v. Windsor Owners Corp.*, No. 11-CV-7913 (LBS), 2012 WL 3288240, at *7 (S.D.N.Y. Aug. 6, 2012).

Here, Plaintiff does not allege that Defendants discriminated against him because of his status in any of the protected classes enumerated under the FHA, namely, race, color, religion, sex, familial status, or national origin, and there is nothing in Plaintiff's complaint that points to him being a member of any of the enumerated protected classes. Plaintiff instead alleges that he was denied an apartment because of his income and "choice of occupation." (ECF 1, at 5.) A person's income and choice of profession are not protected classes enumerated under the FHA. *See* 42 U.S.C. § 3604; *see also Short v. Manhattan Apartments, Inc.*, 916 F. Supp. 2d 375, 392 (S.D.N.Y. 2012) ("None of these provisions [42 U.S.C. §§(d), (f)(1)-(2)] make it unlawful to discriminate on the basis of a person's lawful source of income."); *Lachira v. Sutton*, No. 3:05-CV-1585 (PCD), 20017 WL 1346913, at *15 n.15 (D. Conn. May 7, 2007) ("The FHA does not include "source of income" in its list of protected classes.").

Because income and source of income or choice of occupation are not protected classes under the FHA, and Plaintiff does not allege that he is in a protected class, he does not state a claim under the FHA. The Court therefore dismisses Plaintiff's claims under the FHA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claims under State Law**

While income and source of income or choice of occupation are not protected classes under the FHA, "lawful source of income" is a protected class under the New York State Human Rights Law. *See* N.Y. Exec. Law § 296(2-a)(a) (making it unlawful "[t]o refuse to ... rent or lease or otherwise deny to or withhold from any person ... such housing accommodations because of the race, creed, color, disability, national origin, sexual orientation, gender identity or expression,

military status, age, sex, marital status, lawful source of income or familial status of such person
. . . .").

Plaintiff does not allege facts demonstrating that the Court has diversity of citizenship
jurisdiction to consider any state law claims he may be asserting. To establish diversity
jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the
defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388
(1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in
excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C.
§ 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006)
(citation and internal quotation marks omitted). Because Plaintiff alleges that both he and
Defendant Settle Homes reside in the State of New York, and because he seeks $15,000 in
damages, far below the $75,000 statutory minimum, he does not demonstration that the Court
has diversity of citizenship jurisdiction to consider any state law claims he may be asserting.

A district court may decline to exercise supplemental jurisdiction of state law claims
when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).
Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and
only state-law claims remain, the federal court should decline the exercise of jurisdiction."
*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal
claims of which the Court has original jurisdiction, the Court declines to exercise its
supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New
York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms
the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.     Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is clear on the face of the complaint that the defects cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

Plaintiff's complaint, filed IFP *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:     May 28, 2024
           New York, New York

                                        /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge